MARGARET WOHLBACH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wohlbach v. Commissioner
Docket No. 6855-70 SC.
United States Tax Court
T.C. Memo 1973-251; 1973 Tax Ct. Memo LEXIS 36; 32 T.C.M. (CCH) 1185; T.C.M. (RIA) 73251; November 20, 1973, Filed Margaret Wohlbach, pro se. Howard W. Gordon, for the respondent. INGOLIA
MEMORANDUM FINDINGS OF FACT AND OPINION INGOLIA, Commissioner: The respondent determined a deficiency in the petitioner's Federal income tax for the calendar years 1967 and 1968 in the respective amounts of $366.64 and $365.73, and additions to the tax of $13.25 and $13.82. The primary issue before the Court is whether the petitioner failed to report all of her tip income under section 61 in each year. [1] Also in issue is whether the petitioner is liable for the 5% negligence penalty under section 6653(a). *37 2 FINDINGS OF FACT The petitioner, Margaret Wohlbach, resided at Hellertown, Pennsylvania, at the time her petition was filed. She filed her individual income tax returns for the years 1967 and 1968 with the District Director of Internal Revenue at Philadelphia, Pennsylvania. In 1967 and 1968 and prior thereto, the petitioner was a waitress in a small restaurant in Almart's Department Store in Bethlehem, Pennsylvania. She worked different hours and shifts between 11:00 a.m. and 8:00 p.m. Most of the petitioner's customers were store employees and not many people came in "from the outside". The menu offered by the restaurant was a limited one (for example, it did not include steak) and it served low-cost meals. The average tip received by the petitioner was relatively small. For tax purposes, the petitioner supplied the restaurant with a monthly tip factor of approximately $60 per month. In 1967, she reported tip income of $711.78. In 1968, the reported tip income was $709.59. In 1967 and 1968, the petitioner was married to Howard Wohlbach. In 1969, they separated. Mr. Wohlbach surreptitiously went through the petitioner's bedroom dresser drawer and took with *38 him books in which the petitioner had made entries regarding her income in 1967 and 1968.Mr. Wohlbach was aware of what the books contained and he testified that 3 he took them so he would "have an idea of what she earned". He also stated that he knew that the entries made in the books were made "by no other person than the petitioner". Mr. Wohlbach ultimately gave or loaned the books to the Internal Revenue Service, which asserted the deficiencies involved herein based solely on the entries in the books. The petitioner testified that she used the books to record the monies she received from tips, the sale of dolls, baby-sitting, and bingos. No expenses were recorded. OPINION On this record, we conclude that the petitioner did not receive additional tip income in 1967 and 1968 and, consequently, we hold that there were no deficiencies or additions to the tax due. In so holding, we need not reach the question of whether or not the books were inadmissible under section 14-306(b) of the District of Columbia Code (1963). [2] However, we do note that under section 7453, the Tax Court is bound by the rules of evidence applicable in trials without a jury *39 in the United States District Court for the District of Columbia. Rule 31(a), Rules of Practice, Tax Court of the United States; 4 Masters v. Commissioner, 243 F.2d 335 (C.A. 3, 1957), affg. 25 T.C. 1093 (1956); and here, the question presented would hardly be free from doubt. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated. ↩
2. In civil or criminal proceedings, a husband or his wife is not competent to testify as to any confidential communications made by one to the other during the marriage. ↩